UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

BRIAN ROMANO,
a citizen and resident of Pennsylvania

        Plaintiff,

vs.

ROYAL CARIBBEAN CRUISES LTD., a
Liberian Corporation,

        Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BRIAN ROMANO, a citizen and resident of the State of Pennsylvania, through undersigned counsel, hereby sues Defendant, ROYAL CARIBBEAN CRUISES LTD., a Liberian corporation with its principal place of business in Florida, and alleges:

## JURISDICTION, VENUE AND PARTIES

1. This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2. Plaintiff, BRIAN ROMANO, is a citizen and permanent resident of the State of Pennsylvania and is *sui juris*.

3. Defendant ROYAL CARIBBEAN CRUISES LTD. ("ROYAL" or "Defendant") is a Liberian corporation with its principal place of business in Miami, Miami-Dade County, Florida. For federal jurisdictional purposes, it is both a citizen of Liberia and a citizen of Florida.

4. This Court has subject matter jurisdiction over this action on the ground of diversity of citizenship as provided in 28 U.S.C.§ 1332. The Plaintiff is a citizen and resident of

the State of Pennsylvania, while the Defendant is for jurisdictional purposes a citizen of Florida, its principal place of business. The amount in controversy exceeds the applicable jurisdictional amount of $75,000.00. The injuries and damages alleged in Paragraph 18 below, support an award of damages far in excess of $75,000.00.

5. At all material times, the Defendant has its principal place of business in Florida and has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, creating continuous and systematic contacts with the State of Florida, such as operating maritime cruise vessels for paying passengers, including the Plaintiff, so that general *in personam* jurisdiction exists in the United States District Court for the Southern District of Florida.

6. The Defendant's principal place of business is located in Miami-Dade County Florida. Accordingly, venue is proper in this Court.

7. Venue is also proper in this Court because the operative ticket contract requires fare paying passengers, such as the Plaintiff, to bring any lawsuit against Defendant arising out of injuries or events occurring on the cruise voyage in this federal judicial district.

8. Plaintiff has complied with all conditions precedent to bringing this action including providing the Defendant with timely written notice of claim as required by the ticket contract on April 19, 2023. A copy of the notice of claim, sent by E-mail and regular US Mail, is attached as Exhibit 1.

**GENERAL ALLEGATIONS**

9. At all times material, Defendant owned, operated, managed, maintained and/or controlled the vessel, the M/S *Freedom of the Seas*, and also owned, operated, managed, maintained, and/or controlled a private island named *CocoCay* located in the Bahamian islands.

10. At all material times, *CocoCay* was used exclusively by ROYAL for the purpose of entertaining passengers aboard its vessels. *CocoCay* was a common destination for most ROYAL cruise vessels that sailed the Bahamas.

11. At all material times, the Plaintiff was a fare-paying passenger aboard the M/S *Freedom of the Seas* and in that capacity was lawfully present on board the vessel.

12. At all material times, *CocoCay* was a destination on the Plaintiff's cruise itinerary during his time aboard the M/S *Freedom of the Seas*.

13. Since Plaintiff was a fare paying passenger aboard the M/S *Freedom of the Seas*, and the *Freedom of the Seas* made a scheduled stop on its itinerary at *CocoCay*, ROYAL at all material times knew or should have known and reasonably anticipated that Plaintiff would disembark at *CocoCay* and use ROYAL's facilities for passengers located there.

14. At all material times, ROYAL owned and operated a waterpark, known as Thrill Waterpark, on *CocoCay*.

15. At all material times, Thrill Waterpark contained a purple waterslide called "Manta Raycers."

16. On April 16, 2023, Plaintiff disembarked the M/S *Freedom of the Seas* while docked at CocoCay to enjoy the attractions, including Thrill Waterpark, that ROYAL provided for its passengers.

17. On April 16, 2023, Plaintiff went down the "Manta Raycer" waterslide, as instructed by ROYAL crewmembers, employees or agents supervising the operation of the waterslide. Before Plaintiff reached the end of the slide, a ROYAL crewmember, employee or agent instructed a large male passenger to go down the same slide. As a result, the large male

passenger struck the Plaintiff at high speed in the middle of the slide causing the Plaintiff to sustain serious injuries.

18. As a direct and proximate result of the collision with the large male passenger described in the preceding paragraph, Plaintiff was injured in and about his body and extremities, including injuries to his head, neck, and right shoulder, suffered pain and mental anguish therefrom, incurred medical, out of pocket and other health care expense in the treatment of his injuries, sustained scarring, disfigurement, disability and physical impairment, experienced aggravation and/or acceleration of preexisting injuries, and suffered shame, humiliation, and the loss of capacity to enjoy a normal life. These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain these damages in the future.

## **COUNT I – NEGLIGENCE (DIRECT LIABILITY)**

19. The Plaintiff adopts, realleges, and incorporates by reference all allegations in Paragraphs 1 through 18.

20. At all material times, ROYAL owed the Plaintiff, as a fare paying passenger aboard its cruise vessel, a duty to use reasonable care for his safety.

21. At all material times, ROYAL's duty of reasonable care to passengers, including the Plaintiff, included a duty to exercise reasonable care in the operation of the "Manta Raycers" waterslide referenced in Paragraph 17. This included the duty to adequately staff "Manta Raycers" with attendants, the duty to adequately train those attendants in the safe operation of the slide, and the duty to establish, implement, and enforce policies and procedures regarding safe usage, including when to appropriately dispatch passengers.

22. At all material times, there existed a condition dangerous to the Plaintiff, to wit: a large male passenger being instructed to slide down and accordingly sliding down the "Manta Raycers" waterslide while the Plaintiff was still on the slide as described in Paragraph 17.

23. At all material times, ROYAL knew, or in the exercise of reasonable care, should have known of the dangerous condition because ROYAL has, or in the exercise of reasonable care, should have policies and procedures in place that require its employees to not dispatch passengers down "Manta Raycers" until the previous passenger has safely cleared the bottom of the slide.

24. Alternatively, ROYAL knew, or in the exercise of reasonable care, should have known of the dangerous condition because one or more crewmembers, employees or agents present at the material time dispatched the Plaintiff down the "Manta Raycers" waterslide and observed or in the exercise of reasonable care should have observed that Plaintiff was still on the slide and had not cleared it when dispatching the large male passenger referenced in Paragraph 17.

25. At all material times, ROYAL breached its duty of reasonable care regarding the safe operation of "Manta Raycers" and was thereby negligent in one or more of the following ways:

    a. Failing to adequately staff the "Manta Raycer" so that there would be an adequate number of staff to verify clearance of preceding passengers before dispatching other passengers down the slide;

    b. Failing adequately to train staff to identify when safely to dispatch passengers down the slide;

  c. Failing adequately to train staff to stop passengers from going down "Manta Raycers" while other passengers were still on the slide;

  d. Failing to establish, implement, and enforce safe and adequate policies and procedures regarding safe usage of the slide, including when to appropriately dispatch passengers.

26. As a direct and proximate result of ROYAL's negligence as described above, the Plaintiff has sustained and will continue in the future to sustain the injuries and damages described in Paragraph 18 above.

**WHEREFORE**, the Plaintiff demands judgement against ROYAL for compensatory damages and the costs of this action and further demands trial by jury of all issues triable as of right.

### COUNT II – NEGLIGENCE (VICARIOUS LIABILITY)

27. The Plaintiff adopts, realleges, and incorporates by reference all allegations in Paragraphs 1 through 18 above and further alleges the following matters.

28. At all material times, ROYAL was vicariously liable for the negligent acts and/or omissions of its crewmembers, agents, representatives, employees, and/or staff, who were acting in furtherance of the business of Defendant's vessel.

29. At all material times, ROYAL crewmembers, employees, and/or agents assigned to supervise the operation of the "Manta Raycers" Waterslide owed a duty of reasonable care to ROYAL passengers using the slide, including Plaintiff, to supervise the operation of the slide with reasonable care for the safety of the passengers using it.

30. At all material times, the crewmembers, employees, and/or agents above breached their duty of reasonable care owed to the Plaintiff as alleged above and were thereby negligent in one or more of the following ways:

   a. Failing to monitor passengers using the slide prior to dispatching another passenger down the slide;

   b. Failing to inspect the slide for the presence of passengers who had not yet exited the slide;

   c. Failing to correct the hazardous or dangerous condition of the simultaneous presence of more than one passenger in the slide;

   d. Failing to prevent the passenger who struck the Plaintiff from using the slide prior to the Plaintiff exits from the slide;

   e. Dispatching the large male passenger referenced in Paragraph 17 down the slide before verifying that preceding passengers including the Plaintiff had cleared the slide;

   f. Failing to allow the Plaintiff sufficient time to clear the slide before dispatching the next passenger down;

   g. Failing to warn the large male passenger referenced in Paragraph 17, before dispatching him, that the preceding passenger had not yet cleared the slide and that he should therefore wait to descend.

31. The negligent acts and/or omissions of the crewmembers, employees, and/or agents identified above occurred while they were engaged in furtherance of their duties and responsibilities assigned by ROYAL and on behalf and in furtherance of ROYAL's business, so that ROYAL is vicariously liable for their negligence.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

32. As a direct and proximate result of the negligent acts and/or omissions of the crewmembers, employees, and/or agents identified above, for which ROYAL is vicariously liable as alleged above, the Plaintiff has sustained and will continue in the future to sustain the injuries and damages described in Paragraph 18 above.

**WHEREFORE**, the Plaintiff demands judgment against ROYAL for compensatory damages and the costs of this action and further demands trial by jury of all issues so triable as of right.

### DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

Executed this 11th day of April 2024.

/s/Philip Gerson
PHILIP M. GERSON
Florida Bar No. 127290
pgerson@gslawusa.com
NICHOLAS I. GERSON
Florida Bar No. 0020899
ngerson@gslawusa.com
EDWARD S. SCHWARTZ
Florida Bar No. 346721
eschwartz@gslawusa.com
DAVID L. MARKEL
Florida Bar No. 78306
dmarkel@gslawusa.com
STEPHEN P. MATHENY
Florida Bar No. 1049813
smatheny@gslawusa.com
filing@gslawusa.com
**GERSON & SCHWARTZ, P.A.**
1980 Coral Way
Miami, Florida 33145
Telephone:   (305) 371-6000
Facsimile:   (305) 371-5749
*Attorneys for Plaintiff*